**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| LOWELL DAVIS, | ) | Case No. 14-cv-06057 |
| | ) | |
| Plaintiff, | ) | U.S. District Judge Matthew F. Kennelly |
| | ) | |
| v. | ) | U.S. Magistrate Judge Jeffrey Cole |
| | ) | |
| CHIPOTLE MEXICAN GRILL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S
<u>FEDERAL RULE 56 MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Chipotle Mexican Grill, Inc. ("Chipotle"), by and through its attorneys, Michelle L. Harden and Jacqueline R. Guesno of Messner Reeves LLP, and David J Stein of Masuda, Funai, Eifert & Mitchell, Ltd., and pursuant to Federal Rule of Civil Procedure 56 and Rule 56.1 of the Local Rules of the Northern District of Illinois, hereby moves for summary judgment in its favor and against Plaintiff Lowell Davis ("Plaintiff"), as there is no genuine issue of material fact in dispute and judgment is appropriate as a matter of law. In support of its Motion, Chipotle submits its contemporaneously filed Memorandum of Law, Local Rule 56.1 Statement of Undisputed Material Facts, and supporting exhibits, and states as follows:

1. The Court should grant summary judgment in favor of Chipotle and against Plaintiff because there is no material fact in dispute and Chipotle is entitled to judgment as a matter of law on all claims alleged in Plaintiff's Amended Complaint.

2. As more fully explained in Chipotle's contemporaneously filed Memorandum of Law, the Court should grant summary judgment in favor of Chipotle on Plaintiff's claims for false arrest (Count I), false imprisonment (Count II), malicious prosecution (Count III), intentional infliction of emotion distress (Count IV), and negligent training/supervision (Count V) for the following reasons.

3. First, Chipotle is not vicariously liable for any of the actions of its employees on June 3, 2013 because Chipotle did not press charges and made its employee, Cassandra Imeson ("Imeson"), aware that it was her individual choice as to whether to press charges Plaintiff.

4. Second, in regards to Plaintiff's claims for malicious prosecution, false arrest, and false imprisonment, Chipotle is entitled to summary judgment because the undisputed evidence demonstrates that probable cause existed for Plaintiff's arrest on June 3, 2013. Lack of probable cause is an essential element in malicious prosecution, false arrest, and false imprisonment claims, and Plaintiff fails to show that probable cause was absent at the time of his arrest.

5. Third, Plaintiff's claims for false arrest and false imprisonment must fail for the additional reason that Plaintiff voluntarily consented to remain on Chipotle's premises until the police arrived and was not restrained by any Chipotle employee in any way on June 3, 2013.

6. Fourth, Plaintiff has failed to provide any evidence of malicious intent, which is a required element for a malicious prosecution claim. Here, the record demonstrates that Chipotle's employees informed the police about what had occurred on June 3, 2013 for the very purpose of bringing Plaintiff to justice and not for any other reason.

7. Fifth, Plaintiff's claim for Intentional Infliction of Emotional Distress ("IIED") fails because the summary judgment record is devoid of any evidence that shows Chipotle engaged in any extreme and outrageous conduct toward Plaintiff, and, further, Plaintiff did not suffer severe emotional distress as a result.

8. Sixth, and finally, Plaintiff's claims for negligent training and supervision fail for three reasons: (1) Chipotle had no knowledge, or reason to know, that the employees involved in this case were unfit for their respective positions; (2) Plaintiff's negligent training and supervision

claims are barred by absolute privilege; and, finally, (3) the majority of Plaintiff's damages are barred by the *Moorman* doctrine.

9.    For all of these reasons, and the reasons more fully set forth in Chipotle's supporting papers filed contemporaneously herewith, Chipotle is entitled to summary judgment on all of the claims alleged in Plaintiff's Amended Complaint.

WHEREFORE, for all the reasons stated herein and in Chipotle's contemporaneously filed Memorandum in Support of its Motion for Summary Judgment, Local Rule 56.1 Statement of Undisputed Material Facts, and supporting exhibits, Defendant Chipotle Mexican Grill, Inc. respectfully requests that this Court enter an Order granting its Motion for Summary Judgment, entering judgment in its favor and against Plaintiff on all claims in the Amended Complaint, terminating this cause with prejudice, and granting Chipotle any other and further relief that this Court deems equitable and just, including the costs incurred in defense of this matter.

Respectfully submitted,

CHIPOTLE MEXICAN GRILL, INC.

By:    /s/David J. Stein_____
David J. Stein (IL ARDC #6307086)
Masuda, Funai, Eifert & Mitchell, Ltd.
203 North LaSalle Street, Suite 2500
Chicago, Illinois 60601
P: (312) 245-7500
F: (312) 245-7467
dstein@masudafunai.com

Michelle L. Harden (CO. Bar No. 36682)*
Jacqueline R. Guesno (CO. Bar No. 34753)
Messner Reeves LLP
1430 Wynkoop St., Suite 300
Denver, Colorado 80202
P: (303) 623-1800
F: (303) 623-0552
jguesno@messner.com
***Attorneys for Defendant Chipotle***